Filed 10/28/20  P. v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C091647 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR001449) |
| v. | |
| THEODORE MARVIN THOMPSON, | |
| Defendant and Appellant. | |

Defendant Theodore Marvin Thompson pleaded guilty to two counts of felony failure to appear (FTA) (Pen. Code, § 1320, subd. (b))[1] with a strike prior.  He now argues the trial court abused its discretion when it declined to strike his prior conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We disagree and affirm the judgment, but direct correction of the abstract of judgment.

---

[1] Further undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In a separate felony case that was charged in 2017, defendant failed to appear for required court dates on February 6, 2018, and June 7, 2019, and was charged with two counts of willful FTA pending a felony charge, with an on-bail/O.R. special allegation as to each.  (§§ 1320, subd. (b), 12022.1.)  Each count also included the allegation that defendant suffered a prior serious felony conviction for a 1997 robbery conviction (§ 1170.12, subds. (a)-(d)).

Defendant pleaded guilty to and admitted the prior strike as to both counts, in return for dismissal of five other pending cases with docket numbers indicating they were charged between 2017 and 2019, including the felony case (No.  17CR3391: driving/taking a vehicle without permission) underlying his FTAs.  Prior to sentencing, he filed a *Romero* motion inviting the trial court to strike his prior conviction.  Among other things, defendant argued that the 1997 conviction occurred when he was a young man[2] and it was extremely remote, the FTAs were non-physical, non-serious, non-violent, and of a different nature than the strike conviction, and that he made a number of court appearances between the dates of his two FTAs.

The People countered that defendant had a significant adult criminal history, pointing out that he had several felony and multiple misdemeanor convictions and had no record of attempting to address his drug and alcohol abuse until recently.  They added that defendant's FTAs demonstrated attempts to evade conviction.

The trial court denied the *Romero* motion, citing defendant's criminal record and his failure to comply with court process.  The court described defendant's criminal history in a manner consistent with the probation report's recitation thereof:  "The defendant has a second degree burglary [from 1991] . . . felony in Missouri, misdemeanor

---

[2]  Born in July 1969, defendant was 27 years old at the time of the 1997 conviction.

disorderly conduct, violating civil rights, 422.6 misdemeanor, possession of drug paraphernalia, possession of marijuana for sale, robbery for which he served ten years state prison, 2800.1 evading misdemeanor, DUI misdemeanor, 148 misdemeanor, three parole violations, another DUI misdemeanor, a 1551.1 extradited to Missouri or from Missouri, home invasion conspiracy misdemeanor in Nevada, possession of controlled substance, misdemeanor." The court acknowledged counsel's argument that defendant had no additional violent offenses (beyond the strike), but noted that defendant had twice failed to appear on a felony case, "despite being directed here to the contrary," and noted that defendant's "record and his inability to comply with court process in and of itself would be enough" to deny the *Romero* motion.

The trial court sentenced defendant to the low term of 16 months in state prison, doubled to 32 months for the strike, and eight months doubled to 16 months consecutive for count two.

## DISCUSSION

Defendant argues the trial court abused its discretion by denying the *Romero* motion because his situation is "plainly outside the spirit of the Three Strikes scheme." He contends the court erroneously failed to consider the remoteness of his prior convictions--the most recent a misdemeanor occurring seven years prior, and that his current crimes posed no danger to society. He points out that he made every required court appearance for over a year aside from the two FTAs and that he had not used drugs or alcohol in recent years. The Attorney General counters with a recitation of defendant's criminal history, which includes: three violations of parole during service of his 10-year prison sentence for the 1997 strike offense, four misdemeanor convictions in 2003, including driving under the influence, evading the police, and resisting the police, fugitive extradition in 2006, and misdemeanor convictions in 2008 and 2013 in Nevada for home invasion conspiracy and drug possession. Neither party discusses the five

3

separate pending cases spanning from the 2017 felony taking/driving a vehicle through 2019 that were dismissed pursuant to the plea to the 2018 and 2019 FTA charges.

Our Supreme Court held in *Romero* that trial courts have limited discretion under section 1385 to dismiss a prior strike "in furtherance of justice." (*Romero, supra*, 13 Cal.4th at p. 530.) In exercising this discretion, trial courts "must consider whether, in light of the nature and circumstances of [a defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "While a court must explain its reasons for striking a prior [citations], no similar requirement applies when a court declines to strike a prior [citation]." (*In re Large* (2007) 41 Cal.4th 538, 550.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

We review for an abuse of discretion a trial court's "failure to dismiss or strike a prior conviction." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Id.* at p. 378.)

A "prior conviction may be stricken if it is remote in time" where a defendant has had a "crime-free cleansing period" after having "the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) However, in *Humphrey*, the court concluded there was nothing mitigating about defendant's 20-year-old prior where he "led a continuous life of crime after the prior." (*Ibid.*) Crimes in the period following a prior conviction need not be "violent or serious felonies to bring a

defendant within the spirit of the Three Strikes law." (*People v. Strong* (2001) 87 Cal.App.4th 328, 340.)

We see no abuse of discretion here. First, as we have described, the record is clear that the trial court carefully considered defendant's criminal history and confirmed its accuracy with counsel. We have recited that prior history above, and it shows a continuous life of crime since the strike conviction. What defendant's history lacks in severity of individual filings against him, it makes up in number. Further, while on parole, defendant violated that parole multiple times; while on release, he twice failed to appear. Although the trial court was persuaded that defendant had "not engaged in what appears to be the same type of conduct since 1997," it nevertheless found "the conduct, while not violent, is a pattern." This determination was well within the court's discretion.

After examining the information presented, the trial court applied the correct standard and found the combination of defendant's record and his inability to comply with court process was sufficient to deem him within the spirit of the three strikes scheme. It did not need to find him a danger to society in order to properly make this determination. Nor was the trial court required to "explicitly recognize" that defendant made all court appearances in his most recent case other than the two FTAs. The court specifically found defendant failed to appear twice in the same underlying case "despite being directed here to the contrary." The record shows that the trial court considered counsels' arguments and all of the other information presented, which is what it was required to do. There was no error.

Although not raised by the parties, our review of the record reveals a clerical error in the abstract of judgment, which inaccurately states the second FTA was committed in 2018. In fact, it was committed in 2019. We may correct such errors on our own motion. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts with jurisdiction may, at any time, correct clerical errors and order correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts].)

5

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a new abstract of judgment that correctly reflects the years of both counts of conviction and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


_____/s/_____
Duarte, Acting P. J.



We concur:



_____/s/_____
Hoch, J.



_____/s/_____
Renner, J.